**William LENIHAN, Petitioner–Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 07–1430–ag.

United States Court of Appeals, Second Circuit.

Oct. 17, 2008.

William Lenihan (pro se), New York, NY, for Petitioner.

Randolph Hutter (Jonathan S. Cohen, on the brief), for Richard T. Morrison, Acting Assistant Attorney General, Washington, D.C., for Respondent.

PRESENT: WILFRED FEINBERG, WALKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner–Appellant appeals from a judgment of the Tax Court finding a deficiency for tax year 2000. According to the Commissioner of Internal Revenue, Petitioner–Appellant did not file a return for 2000 or pay income taxes for that year, resulting in a notice of deficiency with penalties that Petitioner–Appellant then challenged in the Tax Court. This appeal disputes the Tax Court's decision to disallow the Petitioner–Appellant's asserted deductions for rental expenses (Schedule E), business expenses (Schedule C), and several itemized deductions (Schedule A), as well as the decision to find a cost basis of zero on investment sale proceeds (Schedule D).

The Tax Court held that the Petitioner–Appellant failed to prove his entitlement to the claimed deductions. We review for clear error. *Hughes v. Comm'r*, 451 F.2d 975, 977 (2d Cir.1971); *see also Norgaard v. Comm'r*, 939 F.2d 874, 877 (9th Cir. 1991). We will assume the parties' familiarity with the remaining facts and do not set them forth in detail here.

Under the Internal Revenue Code, the burden is on the taxpayer to establish entitlement to deductions. *Brownstone v. United States*, 465 F.3d 525, 528 (2d Cir. 2006). Congress has shifted the burden of proof to the Commissioner if the taxpayer introduces credible evidence and complies with substantiation requirements. *See* 26 U.S.C. § 7491(a). Noncompliance with these requirements leaves the burden of proof on the taxpayer. With that background, we will turn to each of the contentions raised by the Petitioner–Appellant.

1. *Deductions Related to Rental Income (Schedule E)*. The Tax Court rejected the exhibits submitted by the taxpayer as ambiguous and confusing, and seemingly unconnected to Petitioner–Appellant's rental properties. By way of example, Petitioner–Appellant submitted receipts for a magazine described as "Financial Planning Elderly Finances"; for a book titled "Say It in Spanish"; and for "Yale Rolle" and fasteners from Home Depot but without explaining the relevance of these expenses to rental properties. Petitioner–Appellant's brief on appeal attempts to explain a few of the expenses, but our review is limited to the record before the Tax Court. *Cf. Andrew Crispo Gallery, Inc. v. Comm'r*, 16 F.3d 1336, 1340 (2d Cir.1994) ("We

review the Tax Court's factual findings under a deferential standard and will reverse only if our own review of the record convinces us that the Tax Court clearly erred in making those findings." (citing *Comm'r v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960))). Petitioner–Appellant points us to no record evidence that the Tax Court incorrectly ignored in reaching its findings. Consequently, we do not find clear error in the Tax Court's decision to disallow these expenses.

■ 2. *Deductions Related to Business Expenses (Schedule C).* The Tax Court rejected the claimed Schedule C deductions as not expended in connection with a business. Petitioner–Appellant produced no evidence before the Tax Court describing his "consulting" work, nor did he explain the business purpose of most of the claimed expenses, many of which were travel and entertainment expenses. On this record, we find no clear error in the Tax Court's determination that Petitioner–Appellant did not prove that he was engaged in a business for profit for which he was entitled to deduct expenses.

3. *Itemized Deductions (Schedule A).*

■ (a) Petitioner–Appellant seeks to deduct medical insurance premiums based on one of his paystubs. The paystub suggests that the premiums were not included in his gross income for tax purposes.

(b) Petitioner–Appellant seeks to deduct a casualty loss based on a receipt showing that some work was performed on his driveway. Petitioner–Appellant made no attempt to explain to the Tax Court what casualty occurred.

(c) Petitioner–Appellant seeks to deduct property taxes. The evidence submitted showed taxes paid only in years other than the tax year at issue in this case.

■ (d) Petitioner seeks to deduct charitable deductions. The receipts submitted often do not identify the charity or indicate that any donation was made. Some of the receipts suggest that claimed donations might in fact have been payments for meals or alcohol.

We find no clear error in the Tax Court's determination that the taxpayer failed to establish his entitlement to the claimed Schedule A itemized deductions.

4. *Installment Sale Proceeds (Schedule D).*

■ Petitioner–Appellant argues that he should have been allowed a cost basis in the sale of certain stock during the year and tries to carryover a loss from previous taxable years. However, Petitioner–Appellant failed to produce any admissible evidence before the Tax Court that would prove any cost basis, did not file a return in 1999, and did not otherwise establish his entitlement to any capital loss carryover. Petitioner–Appellant has not demonstrated to this Court any error in the Tax Court's decisions in disallowing the cost basis and the claimed capital loss carryover.

For the foregoing reasons, the judgment of the Tax Court is AFFIRMED.