ASHLEY T. ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Comm'r
Docket No. 4040-09.
United States Tax Court
2010 U.S. Tax Ct. LEXIS 67; February 16, 2010, Decided
*67 For Petitioner: Flavia Bazzon, Chief Counsel - IRS, Philadelphia, PA.
John F. Dean, Special Trial Judge.
John F. Dean
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction, as supplemented, and petitioner's motion to restrain assessment and collection and to order refund of amount collected. These motions were set for hearing at the Philadelphia Trial Session of the Court on October 5, 2009. As discussed below, the Court will grant respondent's motion and deny petitioner's. Section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.
The petition, filed February 20, 2009, alleges that petitioner has not been given a notice of deficiency but that respondent has nevertheless applied her claimed refund for 2008 to 2005, 2006, and 2007, without due process.
Respondent moved to dismiss as to 2008, alleging that no statutory notice of deficiency has been issued nor has any other determination with respect to 2008 been made that would confer jurisdiction on the Court. Respondent subsequently filed a supplement to the motion to dismiss for lack of *68 jurisdiction (supplement) alleging that after conferring with petitioner he determined that the petition was directed to the years 2006 and 2007 and not to 2008. Respondent alleged further that a notice of deficiency for 2006 and 2007 was issued to petitioner on September 9, 2008, and sent to her last known address by certified mail. Respondent asks the Court to dismiss the petition as it pertains to the years 2006 and 2007 for lack of jurisdiction due to an untimely filed petition.
As evidence of his allegations, respondent attached to the supplement a Form 3877, Certified Mail List, showing two certified mailings to Ashley T. Adams, one to P.O. Box 7652 in Delaware and one to Ashley T. Adams at a street address in Delaware. Both the Form 3877 and two certified mail receipts that respondent also attached to the supplement as exhibits are date stamped September 9, 2008.
Petitioner filed a response to respondent's motion to dismiss that attached copies of the envelopes in which the notices of deficiency had been mailed that she obtained from respondent. The addresses comport with those on the Form 3877 that respondent had attached to his supplement. The envelope addressed to petitioner's *69 P.O. Box bears a label that states that the piece of mail is to be returned to the sender because: "BOX CLOSED UNABLE TO FORWARD".
Petitioner argues that she never lived at the Delaware street address and that the return-to-sender label on the envelope addressed to the P.O. Box shows that she could not have received the notice of deficiency it contained. Petitioner, however, at the hearing on these motions agreed that P.O. Box 7652 in Delaware was "always the address I was using for communications."
The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely-filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. Pursuant to section 6213(a), the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition with the Court for a redetermination of the deficiency.
The Court *70 finds that petitioner did not receive a copy of the notice of deficiency for 2006 and 2007. Section 6212(b), however, provides that the notice of deficiency is sufficient if it is mailed by certified or registered mail to the taxpayer's "last known address". Congress enacted section 6212(b)(1) as a safe harbor to protect the Commissioner where actual notice is not given. Mulvania v. Commissioner, 81 T.C. 65, 68 (1983); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Thus, if respondent follows the procedure set forth in section 6212, without more, the notice of deficiency is valid even if the taxpayer never receives it. E.g., Berger v. Commissioner, 404 F.2d 668 (3d Cir. 1968), affg. 48 T.C. 848 (1967); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967); Brown v. Lethert, 360 F.2d 560, 562 (8th Cir. 1968); Frieling v. Commissioner, supra at 52; Lifter v. Commissioner, 59 T.C. 818, 820-821 (1973).
Respondent sent one of the copies of the notice of deficiency to what petitioner admits was her last known address, P.O. Box 7652. Therefore, the Court finds that respondent mailed a valid notice of deficiency to petitioner on September 9, 2008, after which petitioner had 90 days to *71 file her petition with this Court. Since the petition herein was not filed until February 20, 2009, it was not timely, and respondent's motion to dismiss for lack of jurisdiction, as supplemented, under section 6213(a), as it relates to the notice of deficiency for 2006 and 2007, must be granted. Shipley v. Commissioner, 572 F.2d 212 (9th Cir. 1977), affg. T.C. Memo. 1976-383.
Petitioner filed a motion to restrain assessment and collection and to order refund of amount collected. The Court has no jurisdiction to enjoin any action or proceeding or order any refund for petitioner's 2006 and 2007 tax years unless a timely petition for redetermination has been filed. Sec. 6213(a); Rule 55. As the Court has held petitioner's petition to be untimely, the Court is without jurisdiction to grant petitioner's motion and it will be denied.
Respondent in a status report dated November 5, 2009, advises the Court that respondent's Appeals office has been assigned to address petitioner's request for a section 6330 hearing with respect to the collection of outstanding tax liabilities for 2006 and 2007. Because petitioner did not receive the statutory notice of deficiency for those years, she will be *72 allowed to contest the underlying tax liabilities during the hearing. Sec. 6330(c)(2)(B).
Upon due consideration and for cause, it is
ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction, filed April 10, 2009, as supplemented on April 28, 2009, is granted and this case is dismissed for lack of jurisdiction on the ground that the petition was not filed within the period prescribed in sections 6213 or 7502. It is Further
ORDERED the petitioner's Motion To Restrain Assessment and Collection And to Order Refund Of Amount Collected, filed April 28, 2009, is denied.
/s/ John F. Dean
Special Trial Judge
ENTERED: FEB 16 2010