T.C. Memo. 2011-80

UNITED STATES TAX COURT

MARK E. STROFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14070-08.                    Filed April 5, 2011.

Mark E. Stroff, pro se.

<u>Patricia H. Delzotti</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  Respondent determined deficiencies in

petitioner's 2005 and 2006 Federal income tax of $2,892 and

$1,642, respectively, and accuracy-related penalties under

section 6662(a)[1] of $578.40 and $328.40, respectively.  After concessions,[2] the issues for decision are:  (1) Whether petitioner is entitled to deduct certain expenses claimed on Schedules C, Profit or Loss From Business, from his handyman business for 2005 and 2006, and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations for 2005 and 2006.

## Background

At the time the petition was filed, petitioner resided in New Jersey.

Petitioner was self-employed as a handyman in 2005 and 2006 and operated from his residence a business called Mighty Unk Handyman, L.L.C.

On Schedule C of his timely Federal income tax return for 2005, petitioner claimed deductions of, inter alia, (i) $3,782 for "casual labor" expenses, (ii) $3,781 for meals and entertainment expenses, and (iii) $9,452 for car and truck expenses.

Respondent issued a timely notice of deficiency for 2005 (2005 notice) disallowing all of petitioner's claimed deductions

---

[1]Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent concedes that petitioner is not liable for the accuracy-related penalties for 2005 and 2006 under sec. 6662(b)(2) or (3) determined in the notices of deficiency.

for "casual labor" and meals and entertainment expenses and $4,038 of petitioner's claimed deduction for car and truck expenses. The determination concerning the car and truck expenses reflected respondent's acceptance of petitioner's substantiation of $6,768 of the $9,452 in expenses claimed and an allowance of 80 percent of the substantiated amount, or $5,414, as constituting the allocable business use of a car that petitioner used in his business. Respondent disallowed the balance of 20 percent as allocable to personal use of the car. The 2005 notice also determined an accuracy-related penalty under section 6662(a).

On Schedule C of his timely Federal income tax return for 2006, petitioner claimed, inter alia, expenses of (i) $2,219 for "telephone" and (ii) $3,693 for legal and professional services.

Respondent issued a timely notice of deficiency for 2006 (2006 notice) disallowing all of petitioner's claimed expenses for telephone and legal and professional services for 2006 and imposing an accuracy-related penalty under section 6662(a).

In a timely petition, petitioner challenged respondent's determination of the deficiencies and accuracy-related penalties for 2005 and 2006.

## Discussion

Deductions are a matter of legislative grace, and the burden of showing entitlement to a claimed deduction is on the taxpayer.

See, e.g., Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).[3] Section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred by the taxpayer during the taxable year in carrying on any trade or business. Taxpayers must maintain records sufficient to substantiate the amounts and purposes of deductions claimed. See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-91 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Under the Cohan rule, in the event that a taxpayer establishes that he or she has incurred a deductible expense but is unable to substantiate the precise amount, the Court may approximate the amount of the expense. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court must have sufficient evidence upon which to make a reasonable estimate to apply the Cohan rule. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) provides more stringent substantiation requirements in the case of expenditures or the use of property that may readily serve personal as well as business purposes. Such expenditures or property use include those for entertainment, including meals, or automobile use. Secs. 274(d)(2), (4), 280F(d)(4); sec. 1.274-2(b)(1), Income Tax Regs.

---

[3]Petitioner has not claimed or shown entitlement to any shift in the burden of proof pursuant to sec. 7491(a).

Taxpayers must substantiate such expenditures or property use by adequate records made at or near the time of the expenditure or use of (i) the amount of the expense, (ii) the time and place of the entertainment or use of the property, (iii) the business purpose of the expense, and (iv) the business relationship to the taxpayer of the persons who were entertained or who used the property. Sec. 274(d); sec. 1.274-5T(b)(3), (6), Temporary Income Tax Regs., 50 Fed. Reg. 46015, 46016 (Nov. 6, 1985); see also sec. 274(k). Under the regulations promulgated under section 274, one of the elements that the taxpayer must substantiate for an automobile expense is the amount of the business use and the amount of the total use of the automobile for the taxable period, based on mileage. Bradley v. Commissioner, T.C. Memo. 1998-170; Makspringer v. Commissioner, T.C. Memo. 1994-468; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

As an alternative to providing adequate documentation meeting the foregoing standards, a taxpayer may substantiate an expense covered by section 274(d) by sufficient evidence corroborating the taxpayer's own statement of the required elements of section 274(d). Sec. 274(d); sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46010 (Nov. 6, 1985).

The substantiation requirements for expenses covered by section 274(d) preclude use of the Cohan rule. Sanford v.

<u>Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); <u>Fessey v. Commissioner</u>, T.C. Memo. 2010-191. Otherwise, unless the failure to produce adequate records or sufficient evidence is due to the loss of such records through circumstances beyond the taxpayer's control, "No deduction * * * shall be allowed". See sec. 274(d); <u>Sanford v. Commissioner</u>, <u>supra</u> at 827; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985).

<u>2005 Deductions</u>

<u>Casual Labor</u>

On his 2005 Schedule C, petitioner claimed a deduction for $3,782 for "casual labor"; that is, amounts he claimed he paid to individuals who assisted him in performing jobs for clients. Respondent disallowed all of the claimed deduction for lack of substantiation.

Petitioner testified that he hired individuals to assist him with projects that were time sensitive or otherwise could not be accomplished by petitioner alone. For instance, petitioner testified that he was once hired to paint a retail store overnight, which required the assistance of another individual. Petitioner also testified, however, that some portion of the casual labor expense was attributable to payments he made to helpers on projects he performed for his church free of charge.

According to petitioner, he paid for helpers on 10 to 20 percent of his projects in 2005.

To substantiate his casual labor expense, petitioner proffered a list of 13 individuals' first names. Those names correspond to some extent to entries on petitioner's weekly planners for 2005 that recorded his work projects. However, there is no record of actual amounts paid to any individual on either the list or the weekly planners.

We are persuaded by petitioner's testimony that he required assistance on some of his compensated projects in 2005 for which he incurred casual labor expenses. However, we are unable to account for the payments that may have been made in connection with projects that petitioner performed for his church without compensation. His expenses for such projects were not incurred in carrying on a trade or business, see sec. 162(a), and would not offset gross receipts from compensated projects. "[B]earing heavily * * * upon the taxpayer whose inexactitude is of his own making", we find that petitioner is entitled to a deduction of $1,500 as a casual labor expense. Cohan v. Commissioner, supra at 543-544.

Meals and Entertainment Expenses

On his 2005 Schedule C, petitioner claimed a deduction for $3,781 in meals and entertainment expenses. Respondent

disallowed all of the claimed deduction for lack of substantiation.

At trial, petitioner testified that he would purchase meals for individuals for business purposes as a means of generating leads for jobs or in exchange for their lending him tools and equipment needed to complete jobs. To substantiate his meals expenses, petitioner produced only his weekly planners, on which he noted amounts paid for meals. Most of the entries on the planners do not state for whom petitioner bought meals or other information required pursuant to section 274(d). Sec. 1.274-5T(b)(3), Temporary Income Tax Regs., supra.

Petitioner's vague testimony and the incomplete entries on his weekly planners do not satisfy the substantiation requirements of section 274(d). See id. Accordingly, we sustain respondent's disallowance of all of petitioner's deduction for meals and entertainment expenses for 2005.

Car and Truck Expenses

Petitioner claimed $9,452 in car and truck expenses on his 2005 Schedule C, representing repair expenses for the car he used in his handyman business. Respondent disallowed $2,684 of this amount for lack of substantiation and allowed 80 percent, or $5,414, of the remainder, treating 20 percent as allocable to petitioner's personal use of the car. Petitioner has not offered

any further substantiation but instead contends that his business use of the car was greater than 80 percent.

In support of his claim that his business use of the car exceeded 80 percent, petitioner testified that his personal use of the car was quite limited because he kept his tools and equipment in the car, making it unsuitable for personal use. Instead, he contends, he would generally borrow his parents' car for personal use, as they were unable to drive in the evenings. Petitioner relies on his weekly planners for 2005 to substantiate that his business use was greater than 80 percent. The entries for mileage on the planners, however, were not contemporaneous. Instead, in connection with the examination of his return, petitioner attempted to reconstruct his mileage by taking the odometer readings on car repair invoices prepared at various times during 2005 and then allocating the expended miles to each week on the basis of that week's appointments, making notations to that effect on the weekly planners.

The substantiation requirements of section 274(d) apply to the business use of passenger automobiles, such as petitioner's car, which are listed property. Secs. 274(d)(4), 280F(d)(4). As noted, the records offered to substantiate petitioner's business use of the car are not contemporaneous, and for the reasons discussed below we conclude that petitioner has not substantiated business use in excess of 80 percent by his own statement and

sufficient corroborating evidence, as provided in section 1.274-5T(c)(3), Temporary Income Tax Regs., supra.

We have reviewed the weekly planners as annotated by petitioner and do not find them reliable for at least two reasons. First, most of the business appointments do not indicate the location of the project. Consequently, the Court has no means to assess the reasonableness of petitioner's estimate of the mileage driven for a given project. Second, it is clear from a review of the planners that petitioner has included several personal appointments (e.g., choir practice) as giving rise to business mileage. Given the infirmities of petitioner's attempt at reconstructing his business mileage, we conclude that he has failed to substantiate business use of the car in excess of 80 percent for 2005. As a consequence, he has failed to demonstrate error in respondent's determination that the car was used no more than 80 percent for business purposes. Respondent's disallowance of the claimed car and truck expenses in excess of $5,414 is therefore sustained.

2006 Deductions

Telephone Expense

On his 2006 Schedule C, petitioner claimed a deduction of $2,219 for telephone expenses that respondent disallowed for lack of substantiation. Although petitioner testified that the expense was for a landline telephone used exclusively for

business purposes, he provided no documentary substantiation at trial. The expense is improbably high, and we conclude that petitioner has failed to substantiate it. See also sec. 262(b). We accordingly sustain the disallowance.

### Legal and Professional Expenses

On his 2006 Schedule C, petitioner claimed a deduction of $3,693 for legal and professional expenses that respondent disallowed for lack of substantiation. Petitioner produced no documentary substantiation of this expense and at trial was unable to recall any details concerning the expenditure. In the absence of any substantiation, we sustain the disallowance.

### Accuracy-Related Penalties for 2005 and 2006

Respondent determined that petitioner is liable for accuracy-related penalties under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations with respect to the underpayments determined for 2005 and 2006.

Section 6662(a) and (b)(1) imposes a penalty of 20 percent on that portion of an underpayment of tax that is attributable to negligence or disregard of rules of regulations. Generally, no penalty shall be imposed under section 6662 with respect to any portion of an underpayment if with respect to such portion it is shown that there was reasonable cause and that the taxpayer acted in good faith. Sec. 6664(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). The determination of whether a taxpayer acted

with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances, including the experience, knowledge, and education of the taxpayer.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Pursuant to section 7491(c), the Commissioner bears the burden of production with respect to a taxpayer's liability for any penalty.  To meet his burden of production, the Commissioner must come forward with sufficient evidence to indicate that it is appropriate to impose the relevant penalty on the taxpayer. Higbee v. Commissioner, supra at 446.  Once the Commissioner meets his burden of production, the taxpayer bears the burden of proving error in the Commissioner's determination to impose a penalty, including proving reasonable cause or other exculpatory factors.  Id. at 446-447; sec. 1.6664-4(a), Income Tax Regs.

Negligence is a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances and "includes any failure to make a reasonable attempt to comply with the provisions of" the internal revenue laws.  Sec. 6662(c); Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299.  The failure to keep adequate books and records or to substantiate items properly may constitute negligence.  Sec. 1.6662-3(b)(1), Income Tax Regs.

With respect to petitioner's 2005 deduction for casual labor, petitioner's credible testimony and the list of individuals' names he produced, which corresponds to his weekly planners, convince the Court that taking into account the nature of petitioner's handyman work he was not negligent. He made an attempt to keep track of his casual labor expenditures, although one that fell short of adequate substantiation.

By contrast, we sustain respondent's determination that petitioner is liable for an accuracy-related penalty for negligence with respect to his 2005 deduction for meals expenses, because respondent met his burden of production and petitioner did not act reasonably and in good faith in claiming a $3,781 deduction based only on the vague and incomplete entries on his weekly planners. Similarly, we sustain respondent's determination that petitioner is liable for accuracy-related penalties for negligence with respect to petitioner's 2006 deductions for telephone and legal and professional expenses, because petitioner provided nothing at all to substantiate these deductions.

With respect to respondent's disallowance of $4,038 of petitioner's 2005 deduction for car and truck expenses, which we have sustained, we conclude that respondent has met his burden of producing sufficient evidence to show negligence and that petitioner has failed to show reasonable cause. Petitioner

produced no substantiation at all for $2,684 of the claimed deduction.  For the remainder that was substantiated, petitioner's own records reveal instances where personal use of the car was claimed as business use.  In these circumstances, it was negligent for petitioner to take the position that all use of his car was for business purposes.

To reflect the foregoing,

Decision will be entered under

Rule 155.