T.C. Memo. 2013-92

UNITED STATES TAX COURT

ASHLEY T. ADAMS, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22955-10L.                    Filed April 4, 2013.

Ashley T. Adams, pro se.

<u>Jonathan E. Behrens</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  This proceeding was commenced in response to a Notice of

Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1]

---

[1]All section references are to the Internal Revenue Code (Code) in effect at
all relevant times, and all Rule references are to the Tax Court Rules of Practice and

(continued...)

[*2] The issues for decision are: (1) whether the statute of limitations bars the collection of petitioner's tax liabilities; (2) whether petitioner is entitled to the deductions she claimed on her 2006 and 2007 Federal income tax returns; (3) whether petitioner is liable for an accuracy-related penalty under section 6662(a) for the 2006 taxable year; and (4) whether the settlement officer abused her discretion in sustaining the proposed levy.

## FINDINGS OF FACT

At the time the petition was filed, petitioner resided in Delaware.

Petitioner timely filed her Federal income tax returns for the taxable years 2006 and 2007 (years at issue). During the years at issue petitioner was employed as a consultant by Phi Service Co. Petitioner reported a salary of $73,395 and $72,996 on her Federal income tax returns for 2006 and 2007, respectively.

Petitioner testified that in 2006 she started an interior design business that she worked on "after my regular job, Saturdays and Sundays, like in the evening after my regular job." Petitioner testified that she operated the business out of her home. During cross-examination petitioner was asked the name of her alleged business, to which she replied: "I don't think it had a name." Petitioner testified

---

[1](...continued)
Procedure, unless otherwise indicated.

[*3] that she terminated the business in early 2007 because it was not profitable. On 2006 Schedule C, Profit or Loss From Business, petitioner reported business sales of $1,157. Petitioner claimed Schedule C expenses as follows:

| Expense | Amount |
| --- | --- |
| Car and truck | $10,416 |
| Travel | 1,253 |
| Meals and entertainment | 739 |
| Legal and professional services | 2,593 |
| Office | 2,904 |
| Depreciation | 721 |
| Nonhealth insurance | 336 |
| Repairs and maintenance | 344 |
| Supplies | 344 |
| Utilities | 784 |
| Total | 20,434 |

On September 9, 2008, respondent issued to petitioner a notice of deficiency for the years at issue. On February 20, 2009, petitioner filed a petition with the Court. Adams v. Commissioner, T.C. Dkt. No. 4040-09 (Feb. 16, 2010) (Adams I) (order of dismissal for lack of jurisdiction). In Adams I petitioner argued that she never received the notice of deficiency. Id. Respondent filed a motion to dismiss for lack of jurisdiction, arguing that a notice of deficiency for the years at issue had been sent to petitioner at her last known address. Id. On February 16, 2010, the Court granted respondent's motion. Id. In doing so, the Court found that

**[*4]** respondent "sent one of the copies of the notice of deficiency to what petitioner admits was her last known address, P.O. Box 7652. Therefore, the Court finds that respondent mailed a valid notice of deficiency to petitioner on September 9, 2008, after which petitioner had 90 days to file her petition with this Court." Id. The Court also stated that petitioner "will be allowed to contest the underlying tax liabilities during the [section 6330] hearing." Id.

Respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated June 1, 2009, advising petitioner that respondent intended to levy to collect her unpaid tax liabilities for the years at issue. Petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which she did not request a collection alternative but instead contested the underlying liabilities.

The settlement officer reviewed petitioner's underlying tax liabilities for the years at issue and made some adjustments. Petitioner did not request a collection alternative at the CDP hearing. Thereafter, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, dated September 27, 2010, sustaining the proposed levy action. Petitioner timely filed a petition with this Court.

[*5]                                    OPINION

Issue 1.  Statute of Limitations

Petitioner argues that the statute of limitations bars the assessment and collection of her tax liabilities.

Generally, the Commissioner must assess a tax within three years after a return is filed.  See sec. 6501(a).  The Commissioner must mail a notice of deficiency to the taxpayer before he may assess a tax deficiency.  See sec. 6213(a).  If the Commissioner mails a notice of deficiency, the period of limitations is suspended.  See sec. 6503.  Therefore, to fall within the statute of limitations respondent must have mailed the notice of deficiency to petitioner prior to three years after petitioner filed her Federal income tax returns for the years at issue.

Petitioner filed her 2006 and 2007 Federal income tax returns on April 15, 2007 and 2008, respectively.  In Adams I the Court held that "respondent mailed a valid notice of deficiency to petitioner on September 9, 2008".  The income tax liabilities for the years at issue were assessed on February 16, 2009.  As a result, the assessments of petitioner's tax deficiencies were valid and made within the statute of limitations imposed by section 6501(a).

Pursuant to section 6330(a)(3)(B), petitioner submitted Form 12153 on June 22, 2009.  Section 6330(e)(1) provides that "if a hearing is requested * * * the levy

**[\*6]** actions which are the subject of the requested hearing and the running of any period of limitations * * * shall be suspended for the period during which such hearing, and appeals therein, are pending." See also Boyd v. Commissioner, 117 T.C. 127, 130 (2001). Consequently, we hold that the proposed collection action which was sustained by respondent's notice of determination is not barred by the statute of limitations under section 6502(a).

Issue 2. Petitioner's Underlying Tax Liabilities

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

If a taxpayer requests a CDP hearing in response to a notice of intent to levy, she may raise at that hearing any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2). However, section 6330(c)(2)(B) limits the taxpayer's ability to challenge the existence or amount of the underlying tax liability during the hearing. Specifically, the taxpayer may "raise at the hearing

[*7] challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Id. In Adams I the Court concluded that petitioner had not received the notice of deficiency and stated that petitioner "will be allowed to contest the underlying tax liabilities during the [section 6330] hearing." As a result, the underlying tax liabilities were properly raised during the CDP hearing and the validity of the underlying tax liabilities is properly before this Court.

The Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). As a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner argues that respondent bears the burden of proof pursuant to section 7491(a) with respect to relevant factual issues. However, petitioner has not complied with the substantiation requirements of section 7491(a)(2)(A), nor has she maintained all required records and cooperated with respondent's requests as required by section 7491(a)(2)(B). Therefore, we hold that the burden of proof does not shift to respondent.

**[\*8]**   A.  <u>Petitioner's Deductions</u>

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that she is entitled to any deduction claimed.  Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).  Section 6001 requires taxpayers to maintain records sufficient to establish the amount of each deduction.  <u>See also</u> sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business.  <u>Boyd v. Commissioner</u>, 122 T.C. 305, 313 (2004).  To be "ordinary" the expense must be of a common or frequent occurrence in the type of business involved.  <u>Deputy v. du Pont</u>, 308 U.S. 488, 495 (1940).  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  <u>Welch v. Helvering</u>, 290 U.S. at 113.  Additionally, the expenditure must be "directly connected with or pertaining to the taxpayer's trade or business".  Sec. 1.162-1(a), Income Tax Regs.  Section 262(a) disallows deductions for personal, living, or family expenses.

If a taxpayer establishes that an expense is deductible, but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of her own making.  <u>See</u> <u>Cohan v.</u>

[*9] Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

However, section 274 overrides the Cohan rule with regard to certain expenses. See Sanford v. Commissioner, 50 T.C. 823, 828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Section 274 requires stricter substantiation for travel, meals, and certain listed property. Section 274(d) provides that no deduction shall be allowed unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the expense; and (3) the business purpose of the expense. See Oswandel v. Commissioner, T.C. Memo. 2007-183, 2007 Tax Ct. Memo LEXIS 185, at *7. Even if such an expense would otherwise be deductible, section 274 may still preclude a deduction if the taxpayer does not present sufficient substantiation. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra. However, in the alternative, each element of an expenditure or use may be established by the taxpayer's own written or oral

[*10] statement "containing specific information in detail as to such element" combined with corroborative evidence sufficient to establish such element. Sec. 1.274-5T(c)(3)(i)(A) and (B), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

### 1. Car and Truck Expenses

Petitioner claimed a deduction for car and truck expenses of $10,416 on Schedule C of her 2006 Federal income tax return. In her posttrial brief petitioner contends that the deduction consists of $6,503.23, which was calculated using the standard mileage rate to estimate the cost of using the vehicle, and $3,912.77 for "depreciation expenses and other claimed business expenses, ordinary and necessary to conduct her business." Respondent contends that no amount of the claimed car and truck expenses should be allowed for 2006.

Petitioner's claimed car and truck expenses are subject to the heightened substantiation requirements of section 274(d). See secs. 274(d)(4), 280F(d)(4)(A)(i). As applicable to vehicle expenses, section 274(d) requires a taxpayer to substantiate: (1) the mileage; (2) the time and place of the use; and (3) the business purpose of the use. See Solomon v. Commissioner, T.C. Memo. 2011-91, 2011 Tax Ct. Memo LEXIS 90, at *8.

**[*11]** To substantiate the miles driven petitioner offered into evidence a handwritten ledger. The ledger listed the State she traveled to, the date of the trip, the miles driven, the amounts paid for parking and tolls, and the mileage on the odometer at the beginning and end of the trip.

The ledger did not provide the street addresses or the names of the alleged clients whom petitioner purportedly visited. Merely listing the State of the destination does not substantiate the mileage traveled as required by section 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). See Solomon v. Commissioner, 2011 Tax Ct. Memo LEXIS 90, at *8-*10. Furthermore, the ledger did not contain any entries regarding the business purpose of the trips. A ledger that does not contain information regarding the business purpose of trips is not an adequate record as required by section 274(d). See Fleming v. Commissioner, T.C. Memo. 2010-60, 2010 Tax Ct. Memo LEXIS 63, at *7.

In addition to the ledger petitioner submitted receipts for $3,851.63 of gas station purchases and tolls. However, petitioner failed to demonstrate the business purpose of these expenses. As a result, petitioner has failed to provide other corroborative evidence sufficient to satisfy the requirements of section 274(d).

**[*12]** Accordingly, we hold that petitioner is not entitled to deduct car and truck expenses for the 2006 tax year.

### 2. Travel Expenses

Petitioner claimed a deduction for travel expenses of $1,253 on Schedule C of her 2006 Federal income tax return. Respondent contends that no amount of the claimed travel expenses should be allowed.

As substantiation for her travel expenses petitioner submitted two round-trip train tickets from Wilmington, Delaware, to Washington D.C. Petitioner testified she could not remember the reason she traveled to Washington, D.C. As a result, petitioner has failed to demonstrate that the travel expenses were for carrying on a trade or business under section 162. Accordingly, we hold that petitioner is not entitled to deduct travel expenses for the 2006 tax year.

### 3. Meals and Entertainment Expenses

Petitioner claimed a deduction for meals and entertainment expenses of $739 on Schedule C of her 2006 Federal income tax return. Respondent contends that no amount of the claimed meals and entertainment expenses should be allowed.

The total amount of meal expenses on petitioner's ledger for 2006 was $1,477.80. Petitioner submitted $368.11 of receipts for meal expenses. Petitioner

**[\*13]** testified that the meal expenses noted on her ledger were incurred in connection with the trips for which she claimed car and truck expense deductions. Petitioner also testified that the meal expenses included meals with potential business clients.

Section 274(d) provides stringent substantiation requirements for expenditures on meals. See Stroff v. Commissioner, T.C. Memo. 2011-80, 2011 Tax Ct. Memo LEXIS 79, at \*4-\*5. With respect to an expenditure for meals, a taxpayer must maintain records sufficient to establish: (1) the amount paid for each meal; (2) the date of the meal; (3) the address of the dining establishment; (4) the business purpose of the meal, including the nature of any business discussion; and (5) the business relationship of the person entertained by the taxpayer. See sec. 274(d); Stroff v. Commissioner, 2011 Tax Ct. Memo LEXIS 79, at \*4-\*5; sec. 1.274-5T(b)(3)(i)-(iv), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016 (Nov. 6, 1985).

Petitioner's ledger included the cost of each meal, the date of the meal, and the State in which the dining establishment was located. Petitioner's ledger did not record the business purpose of the meals nor the business relationship of the persons with whom petitioner allegedly dined. The receipts submitted by petitioner do not provide this required information. As a result, petitioner has failed to meet

[*14] the substantiation requirements of section 274.  See Stroff v. Commissioner, 2011 Tax Ct. Memo LEXIS 79, at *8; Kerrigan v. Commissioner, T.C. Memo. 1995-483, 1995 Tax Ct. Memo LEXIS 477, at *16. Accordingly, we hold that petitioner is not entitled to deduct meals and entertainment expenses for the 2006 tax year.

### 4.  Legal and Professional Services Expense

Petitioner claimed a deduction for legal and professional services of $2,593 on Schedule C of her 2006 Federal income tax return.  Respondent contends that no amount of the legal and professional services expense should be allowed.

Petitioner offered into evidence a ledger listing the dates and the amounts of legal expenses she incurred.  The ledger indicated $3,506.75 of legal expenses was paid in 2006.  Petitioner offered into evidence an invoice from an attorney for $1,573.66.  The invoice did not indicate what services were provided by the attorney, nor did petitioner testify as to the purpose of the attorney's services. Petitioner failed to demonstrate that the legal expenses were business expenses under section 162 as opposed to personal expenses disallowed by section 262(a). Accordingly, we hold that petitioner is not entitled to deduct a legal and professional services expense for the 2006 tax year.

**[*15]**     5. <u>Office Expenses</u>

Petitioner claimed a deduction for office expenses of $2,904 on Schedule C of her 2006 Federal income tax return. Respondent contends that no amount of the claimed office expenses should be allowed.

Petitioner offered into evidence a ledger listing the dates and the amounts of office expenses she incurred. The ledger indicated $2,904 of office expenses was paid in 2006. The only substantiation petitioner offered into evidence was a certified mail receipt for $4.88. Petitioner failed to demonstrate that this receipt was directly connected with her alleged business. <u>See</u> sec. 1.162-1(a), Income Tax Regs. Petitioner failed to explain or provide other evidence as to the remaining amount she claimed as a deduction. As a result, petitioner has not proven that she incurred the office expenses nor that they were ordinary and necessary business expenses. <u>See</u> sec. 162. Accordingly, we hold that petitioner is not entitled to deduct office expenses for the 2006 tax year.

     6. <u>Other Schedule C Deductions</u>

Petitioner claimed deductions on Schedule C of her 2006 Federal income tax return for depreciation expense of $721, nonhealth insurance expense of $336, repairs and maintenance expense of $344, supplies expense of $344, and utilities

**[\*16]** expense of $784. Respondent contends that none of the claimed deductions should be allowed.

"A taxpayer's general statement that his or her expenses were incurred in pursuit of a trade or business is not sufficient to establish that the expenses had a reasonably direct relationship to any such trade or business." Hopkins v. Commissioner, T.C. Memo. 2005-49, 2005 Tax Ct. Memo LEXIS 50, at \*21. Petitioner has not offered any evidence to establish that her claimed expenses were incurred or that they were ordinary and necessary to carrying on a trade or business under section 162. Accordingly, we hold that petitioner is not entitled to deduct these expenses for the 2006 tax year.

### 7. Medical and Dental Expenses

Petitioner claimed itemized deductions for medical and dental expenses of $15,535 and $13,988 for the taxable years 2006 and 2007, respectively. The settlement officer determined that petitioner was entitled to deductions for medical and dental expenses of $6,562 and $7,178 for the taxable years 2006 and 2007, respectively. The amounts allowed by the settlement officer are not in dispute. Petitioner argues that she should be allowed the full amounts of the deductions she claimed. Respondent contends that petitioner should be limited to the amounts allowed by the settlement officer.

[*17] Section 213(a) allows a deduction for expenses paid during the taxable year, not compensated by insurance or otherwise, for medical care of the taxpayer to the extent that such expenses exceed 7.5% of the taxpayer's adjusted gross income. The term "medical care" includes amounts paid for "the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body, * * * for transportation primarily for and essential to medical care", or for insurance. Sec. 213(d)(1)(A), (B), (D). A taxpayer who claims a deduction under section 213 "shall furnish the name and address of each person to whom payment for medical expenses was made and the amount and date of the payment thereof in each case." Sec. 1.213-1(h), Income Tax Regs.; see Linzy v. Commissioner, T.C. Memo. 2011-264, 2011 Tax Ct. Memo LEXIS 256, at *14.

To substantiate her medical expenses petitioner offered into evidence handwritten ledgers for the taxable years 2006 and 2007. The ledgers listed the date of each medical expenditure, the amount paid for the medical goods or service, the miles driven, the amount paid for parking and tolls, and the amount paid for insurance premiums.

**[*18]** The ledgers do not demonstrate that the expenses were for "medical care" as defined in section 213(d)(1). Furthermore, the ledgers did not list the "name and address of each person to whom payment for medical expenses was made" as required by section 1.213-1(h), Income Tax Regs. As a result, the ledgers do not substantiate petitioner's claimed medical expenditures for the taxable years 2006 and 2007.

In addition to the ledgers, petitioner submitted hundreds of receipts and bank statements to substantiate her claimed medical expense deductions. Petitioner also submitted a list that summarized the amount and date of each receipt. We note that many of the receipts were duplicated and counted twice by petitioner in arriving at her total medical expenses. Additionally, petitioner redacted the description of the items she purchased on most of her receipts. As a result, most of the receipts failed to demonstrate that petitioner purchased goods that fall under the definition of medical care in section 213(d)(1).

Petitioner also included in her ledgers the amounts she paid for insurance. For the 2006 taxable year, the ledger indicates petitioner paid $789.36 of insurance premiums. Petitioner submitted what appears to be a copy of a yearend paycheck summary showing she had $724.96 deducted to pay for medical, dental,

[*19] vision, and accidental death and dismemberment[2] insurance.[3]  The copy of the

paycheck summary was heavily redacted by petitioner.  Petitioner redacted the

earnings column as well as any description of the codes used on the paycheck

summary.  The insurance deductions are coded with a "B" next to them.  Without

the description of the "B" code we cannot determine whether the insurance

premiums were paid with before-tax money or after-tax money.  In order for a

taxpayer to deduct payments for medical insurance premiums under section 213 the

premiums must have been paid with money that was included in the taxpayer's

gross income.  See Lenihan v. Commissioner, T.C. Memo. 2006-259, 2006 Tax Ct.

Memo LEXIS 263, at *33, aff'd, 296 Fed. Appx. 160 (2d Cir. 2008).  Petitioner

failed to prove that her insurance premiums were paid with money that was included

in her gross income.  As a result, petitioner is not permitted to deduct the amounts

she paid for insurance premiums.

---

[2]The amounts petitioner paid for accidental death and dismemberment insurance are not deductible.  See Fausner v. Commissioner, T.C. Memo. 1971-277, 1971 Tax Ct. Memo LEXIS 59, at *16, aff'd, 472 F.2d 561 (5th Cir. 1973), aff'd, 413 U.S. 838 (1973); sec. 1.213-1(e)(4), Income Tax Regs.

[3]Petitioner did not explain the discrepancy between the $789.36 of insurance premiums on her ledger and the $724.96 on the paycheck summary for 2006.

**[*20]**  In the notice of determination the settlement officer allowed $6,562 and $7,178 of medical expenses for the taxable years 2006 and 2007, respectively. Petitioner has failed to demonstrate that she incurred medical expenses in amounts greater than the amounts allowed by the settlement officer.  Accordingly, we sustain respondent's determination regarding petitioner's deductions for medical expenses for the years at issue.

8.  Mortgage Interest

Petitioner claimed a deduction for home mortgage interest of $47,789 on Schedule A, Itemized Deductions, of her 2007 Federal income tax return.  The notice of determination allowed a home mortgage interest deduction of $39,984. The amount allowed by the settlement officer is not in dispute.  Petitioner argues that she should be allowed the entire amount of the deduction she claimed. Respondent contends that petitioner should be limited to the amount allowed by the settlement officer.

Petitioner offered into evidence two Forms 1098, Mortgage Interest Statement, issued by American Home Mortgage Servicing (American), the lender for the loans.  The Forms 1098 demonstrate that petitioner paid $37,319.22 of

**[\*21]** interest and $2,674.50 of points to American in 2007.[4] The settlement officer allowed petitioner a mortgage interest deduction of $39,984 based on the Forms 1098 submitted by petitioner.[5]

Petitioner also offered into evidence two U.S. Department of Housing & Urban Development Settlement Statements (HUD settlement statements). The HUD settlement statements were heavily redacted by petitioner. The HUD settlement statements show petitioner was charged $1,777.44 of prepaid interest and $6,017.62 of points in 2007.

Section 163(h)(1) generally disallows a deduction for personal interest. An exception to this rule is qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest includes interest paid or accrued during the taxable year on acquisition indebtedness. Sec. 163(h)(3)(A). Acquisition indebtedness means any indebtedness that is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by the residence. Sec. 163(h)(3)(B)(i). A qualified residence includes the principal residence of the taxpayer. Sec. 163(h)(4)(A).

---

[4]Totaling $39,993.72 paid for interest and points.

[5]Neither respondent nor petitioner has explained the $10 difference between the interest and points reported on the Forms 1098 and the mortgage interest deduction allowed by the settlement officer.

[*22] "Points are amounts a borrower pays for loan processing; they can be either for the use or forbearance of money or for specific services the lender performs in connection with the loan." Griggs v. Commissioner, T.C. Memo. 2013-2, at *19 (citing Cao v. Commissioner, T.C. Memo. 1994-60, 1994 Tax Ct. Memo LEXIS 61, at *5, aff'd without published opinion, 78 F.3d 594 (9th Cir. 1996)). If points are paid for services performed in connection with the loan, they are not deductible. See id. If points are paid solely for the use or forbearance of money, then they constitute interest and are deductible under section 163. Id.; Kelly v. Commissioner, T.C. Memo. 1991-605, 1991 Tax Ct. Memo LEXIS 652, at *8. If points constitute interest, they are treated as prepaid interest. See Griggs v. Commissioner, at *19; Kelly v. Commissioner, 1991 Tax Ct. Memo LEXIS 652, at *8.

Generally, a cash basis taxpayer must amortize prepaid interest over the life of the loan just as if she were on the accrual method of accounting. See sec. 461(g)(1). However, section 461(g)(2) provides an exception to this rule for "points paid in respect of any indebtedness incurred in connection with the purchase or improvement of, and secured by, the principal residence of the taxpayer". Therefore, if section 461(g)(2) applies then the taxpayer may take a deduction for the prepaid interest in the year it was paid.

[*23] One of the HUD settlement statements shows that petitioner paid $6,017.62 of points to Chesapeake Mortgage Co. (Chesapeake). The HUD settlement statement shows that petitioner also paid a brokerage fee to Chesapeake. Petitioner redacted the amount of the brokerage fee. Petitioner did not offer any evidence demonstrating that the $6,017.62 of points was for the use or forbearance of money and not for services performed in connection with the loan. See Griggs v. Commissioner, at *19. Petitioner bears the burden of proving she is entitled to a mortgage interest deduction for the points paid. See Rule 142(a). She has failed to do so. Accordingly, we hold that petitioner is not entitled to a deduction under section 163 for the $6,017.62 of points paid.

The HUD settlement statements also show that petitioner was charged $1,777.44 of prepaid interest by American. Respondent argues that petitioner has not proven that the $1,777.44 of prepaid interest reported on the HUD settlement statements was not included in the $37,319.22 of interest reported on Forms 1098, issued by American, for which the settlement officer allowed petitioner a deduction. Petitioner bears the burden of proving she is entitled to a mortgage interest deduction for the $1,777.44 of prepaid interest reported on the HUD settlement statements. See Rule 142(a). Petitioner has failed to prove that the $1,777.44 of prepaid interest was not included in the amount of interest reported

[*24] on Forms 1098.  Accordingly, we sustain respondent's determination regarding petitioner's deduction for mortgage interest for the 2007 tax year.

### 9.  Unreimbursed Employee Expenses

Petitioner claimed a deduction for unreimbursed employee expenses of $10,036 on Schedule A of her 2006 Federal income tax return.  At trial petitioner testified that the amount she claimed as unreimbursed employee expenses should have been reported as a miscellaneous itemized deduction.  Respondent contends that no amount of the claimed deduction should be allowed for 2006.

Petitioner testified that the $10,036 deduction was for tuition expenses paid to the Columbus W. Thorn, Jr. Foundation (Foundation).  On cross-examination, petitioner admitted that she borrowed money from the Foundation to pay tuition to a local university.  Therefore, the payment to the Foundation was a repayment of a loan and not a payment for tuition.[6]

Taxpayers are allowed a deduction for payment of qualified tuition and related expenses.  See sec. 222(a).  However, "'[d]eductions are not permitted on account of the repayment of loans.'"  Brenner v. Commissioner, 62 T.C. 878, 883

---

[6]In fact petitioner claimed a deduction for student loan interest on her 2006 Federal income tax return.  To support the deduction petitioner offered into evidence a Form 1098-E, Student Loan Interest Statement, issued by Columbus W. Thorn, Jr. Foundation.

**[*25]** (1974) (quoting <u>Crawford v. Commissioner</u>, 11 B.T.A. 1299, 1302 (1928)).

Petitioner is not allowed a deduction for repayment of her loans.  Accordingly, we

hold that petitioner is not entitled to deduct the repayment of her loans for the 2006

tax year.

          10.  <u>Tax Preparation Fees</u>

Petitioner claimed deductions for tax preparation fees of $377 and $2,502 for

the 2006 and 2007 tax years, respectively.  Respondent concedes that petitioner

incurred deductible tax preparation fees of $109.47 and $89.99 for the 2006 and

2007 tax years, respectively.  Respondent contends that petitioner's deductions

should be limited to the amounts conceded by respondent.

Petitioner offered no evidence to demonstrate that she incurred tax

preparation fees in excess of the amounts conceded by respondent.  Accordingly,

we hold that petitioner is entitled to deductions for tax preparation fees in the

amounts conceded by respondent for the 2006 and 2007 tax years.

          11.  <u>Other Miscellaneous Itemized Deductions</u>

Petitioner claimed various other miscellaneous itemized deductions of

$6,921 on Schedule A of her 2006 Federal income tax return.  Petitioner offered no

evidence to demonstrate the nature of the claimed other miscellaneous itemized

[*26] deductions. Accordingly, we hold that petitioner is not entitled to a deduction for other miscellaneous itemized deductions for the 2006 tax year.

### 12. Moving Expenses

Petitioner claimed deductions for moving expenses of $2,612 and $3,493 on her 2006 and 2007 Federal income tax returns, respectively. Respondent contends that no amount of the claimed moving expenses should be allowed for the years at issue.

Section 217(a) provides a deduction for moving expenses paid or incurred "in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work."

Petitioner has not offered evidence to demonstrate that she moved during 2006. Furthermore, petitioner has not offered evidence to demonstrate that her alleged moves in 2006 or 2007 were in connection with the commencement of work at a new principal place of work as required by section 217(a). Accordingly, we hold that petitioner is not entitled to deduct moving expenses for the 2006 and 2007 tax years.

### B. Accuracy-Related Penalty

Respondent determined that petitioner was liable for a section 6662(a) accuracy-related penalty of $2,375.40 for the taxable year 2006. Section 6662(a)

**[\*27]** imposes an accuracy-related penalty equal to 20% of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of income tax, sec. 6662(b)(2).

Section 7491(c) provides that the Commissioner bears the "burden of production" with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his "burden of production", however, the "burden of proof" remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-447.

Respondent contends that the underpayment of tax is attributable either to negligence or a substantial understatement of income tax. Respondent's contentions necessarily reflect alternative grounds for imposing the section 6662 penalty because only one section 6662 accuracy-related penalty may be imposed with respect to any given portion of any underpayment, even if the underpayment is attributable to more than one of the types of listed conduct. See New Phoenix

[*28] <u>Sunrise Corp. v. Commissioner</u>, 132 T.C. 161, 187 (2009), <u>aff'd</u>, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); <u>see also</u> <u>Neely v. Commissioner</u>, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs.  Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items.  Sec. 1.6662-3(b)(1), Income Tax Regs.

As we have previously discussed in great detail, petitioner has failed to substantiate most of her claimed deductions.  We find that respondent has met his burden of production with respect to negligence.

There is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1)(A).  On her 2006 Federal income tax return petitioner reported zero taxable income and, therefore, zero tax owed.  Petitioner's deficiency in income tax for the

[*29] taxable year 2006 is $11,877. Thus, the understatement of income tax

($11,877) exceeds the greater of 10% of the tax required to be shown on

petitioner's return ($0 tax + $11,877 = $11,877, 10% of $11,877 = $1,188) or

$5,000. Therefore, petitioner's understatement is substantial. Consequently, we

conclude that respondent has met his burden of production with respect to

petitioner's substantial understatement of income tax.

Section 6664(c)(1) provides that the penalty under section 6662(a) shall not

apply to any portion of an underpayment if it is shown that there was reasonable

cause for the taxpayer's position and that the taxpayer acted in good faith with

respect to that portion. See Higbee v. Commissioner, 116 T.C. at 448. The

determination of whether the taxpayer acted with reasonable cause and in good

faith is made on a case-by-case basis, taking into account all the pertinent facts

and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioner has the

burden of proving that the penalty is inappropriate because of reasonable cause

under section 6664. See Rule 142(a); Higbee v. Commissioner, 116 T.C. at 446-

447. Petitioner has failed to prove that the penalty is inappropriate because of

reasonable cause.

Accordingly, we hold that petitioner is liable for the accuracy-related

penalty under section 6662(a) for her underpayment of tax for the 2006 tax year.

[*30] Issue 3.  Collection Action

The Court reviews administrative determinations by the Commissioner's Office of Appeals regarding nonliability issues for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  The determination of the Office of Appeals must take into consideration:  (1) the verification that the requirements of applicable law and administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.  Sec. 6330(c)(3); see Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).  The settlement officer based her determination on the factors required by section 6330(c)(3).

In her posttrial brief petitioner argues that respondent never mailed a notice of deficiency to her; therefore, it is an abuse of discretion for the settlement officer to collect petitioner's tax liabilities.

In Adams I the Court stated that "[r]espondent sent one of the copies of the notice of deficiency to what petitioner admits was her last known address, P.O. Box 7652.  Therefore, the Court finds that respondent mailed a valid notice of deficiency to petitioner on September 9, 2008, after which petitioner had 90

**[\*31]** days to file her petition with this Court." On February 25, 2011, petitioner filed a motion to dismiss for lack of jurisdiction arguing that she had not been served a notice of deficiency for the years at issue. The Court denied petitioner's motion, noting that <u>Adams I</u> "was not appealed and has long been final; the findings therein may not be relitigated by petitioner in the instant case." Consequently, we hold that, consistent with our prior orders, respondent mailed a notice of deficiency to petitioner. Accordingly, it was not an abuse of discretion for the settlement officer to sustain the proposed levy.

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision regarding the underlying liabilities will be entered pursuant to Rule 155, and respondent's determination to collect by levy will be sustained</u>.