EARL WREN and LORNA WREN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wren v. Commissioner
Docket No. 6144-82.
United States Tax Court
T.C. Memo 1984-456; 1984 Tax Ct. Memo LEXIS 215; 48 T.C.M. (CCH) 961; T.C.M. (RIA) 84456; August 28, 1984. Earl Wren, pro se. Jennifer Decker, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $1,793 deficiency in petitioners' 1979 Federal income tax. The issues for decision are: (1) Whether traveling expenses incurred by petitioner, Earl Wren, with respect to his employment at the Zimmer Nuclear Power Plant are deductible under section 162(a); [1] (2) whether petitioners are entitled to certain charitable contribution deductions *216 claimed on their return; (3) whether petitioners are entitled to an increased sales tax deduction; and (4) whether respondent was correct in computing petitioners' taxable income by using the standard deduction. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Earl Wren (hereinafter petitioner) and Lorna Wren, husband and wife, resided in Versailles, Indiana, when they filed their petition in this case. They timely filed a 1979 joint Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee. Petitiner is a pipe fitter who was intermittently employed by Kaiser Engineers, Inc., at the Zimmer Nuclear Power Plant [2] (hereinafter the Zimmer Plant) in Moscow, Ohio, from July 1976 to June 1978. Upon accepting employment at the Zimmer Plant, petitioner moved from Savannah, Georgia, to Ripley County, Indiana, his traditional family home, in order to provide good schools, housing, and surroundings for his children. Between 1976 and 1978 petitioner commuted approximately 90 miles from his residence to the Zimmer Plant. *217 Petitioner worked at the Zimmer Plant continuously from June 1978 until March 1979, when the plant was shutdown for environmental reasons. Petitioner was recalled to the Zimmer Plant during July 1979, and he worked there continuously until May 1981. At some point prior to January 1979, petitioner rented a room in Moscow, Ohio, on a weekly basis at $50 per week in order to reduce the rigors of commuting 180 miles a day. Petitioner returned to his house in Ripley County each weekend to be with his family and to attend church. Petitioners regularly attended the Washington Baptist Church in Elrod, Indiana. Petitioner is an ordained minister and serves as assistant pastor at his church or one of several other local churches when the pastor is on vacation. Every week petitioner gave a cash contribution to the Washington Baptist Church or one of the other churches. On their 1979 joint Federal income tax return, petitioners claimed $4,750 as employee business expenses incurred in connection with petitioner's meals and lodging in Moscow, Ohio, during their 1979 taxable year. In addition, Petitioners claimed a charitable contribution deduction in the amount of $2,714, for which they *218 have no verifiable records. In the notice of deficiency, respondent disallowed the claimed employee business expenses on the ground that petitioner's employment at the Zimmer Plant was indefinite rather than temporary, and that petitioner was not away from home when these expenses were incurred. In addition, respondent disallowed the claimed charitable contribution deduction for lack of substantiation. As a result of these disallowed expenses, respondent increased petitioners' sales tax deduction by $26, and computed petitioners' tax liability by using the standard deduction which exceeded the itemized deductions that respondent determined to be allowable. OPINION The first issue for decision is whether traveling expenses incurred by petitioner with respect to his employment at the Zimmer Plant are deductible under section 162(a). As a general rule, deductions for personal expenses are disallowed under section 262. Section 162(a)(2), however, allows a taxpayer to deduct traveling expenses if he can establish that they were incurred while away from home in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Bochner v. Commissioner,67 T.C. 824, 827 (1977). *219 This Court has consistently held that a taxpayer's home for purposes of section 162(a)(2) is the vicinity of his principal place of business or employment, and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968); Garlock v. Commissioner,34 T.C. 611, 614 (1960). An exception t this rule exists, however, where a taxpayer accepts employment away from his tax home which is temporary as opposed to indefinite. Peurifoy v. Commissioner,358 U.S. 59, 60 (1958). Under this exception, the taxpayer's tax home does not shift to the vicinity of his temporary employment and, therefore, he is regarded as away from home while working at such location. Employment is temporary if its termination within a short period of time can be foreseen. Mitchell v. Commissioner,supra;Albert v. Commissioner,13 T.C. 129, 131 (1949). Employment is indefinite if either its termination within a fixed or reasonably short *220 period of time cannot be foreseen, Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F. 2d 1216 (6th Cir. 1971), or it continues for a substantial or indefinite duration. Garlock v. Commissioner,supra at 615. The burden of proving that his employment was temporary rests on the taxpayer. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner worked at the Zimmer Plant on an irregular basis from July 1976 to June 1978 and, with the exception of a period of approximately three months when the plant was closed for environmental reasons during the spring of 1979, petitioner worked continuously at the Zimmer plant from June 1978 until May 1981. By the beginning of 1979, petitioner must have realized that extensive work remained to be done on the Zimmer Plant before it could become operable, and he reasonably could expect his employment to continue at the Zimmer Plant for an indefinite period of time. Therefore, we hold that petitioner's employment was indefinite rather than temporary and that the traveling expenses he incurred were personal, nondeductible *221 expenses. Stricker v. Commissioner,supra; sec. 262. We also note that petitioner chose to reside in Ripley County, which is almost 90 miles from the Zimmer Plant, for personal reasons that were unrelated to his trade or business. Traveling expenses must be incurred for the exigencies of the taxpayer's trade or business and not for the personal convenience or necessities of the taxpayer. Commissioner v. Flowers,supra.
We must next decide whether petitioner is entitled to the claimed charitable contribution deductions. Petitioner regularly attended the Washington Baptist Church, or another local church at which petitioner served as assistant pastor, each week during 1979, and they made cash contributions which they claim totaled $2,714. Petitioners, however, failed to substantiate their alleged contributions. See sec. 1.170A-1(a)(2), Income Tax Regs. We find petitioner's testimony to have been candid, forthright, and credible, and we are convinced that petitioners regularly attended church and made cash contributions throughout 1979. Using our best judgment and bearing heavily against the taxpayer whose inexactitude is of his own *222 making, we hold that petitioner is entitled to a $1,000 charitable contribution deduction. Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930); see Lamphere v. Commissioner,70 T.C. 391, 394 (1978). Our holding with respect to issues one and two are determinative for issues three and four. Petitioners are entitled to an increased sales tax deduction according to the optional sales tax tables, because the denial of petitioner's traveling expenses increased petitioners' adjusted gross income. Moreover, since petitioners' itemized deductions exceed the standard deduction, petitioners are entitled to compute their tax liability using the larger itemized deductions. See Gregory v. Helvering,293 U.S. 465 (1935). To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Construction at the Zimmer Plant began in 1971, and had not been completed as of the date of the trial herein.↩