GWENDOLYN LEE HOOKS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hooks v. Commissioner
Docket No. 14720-92
United States Tax Court
T.C. Memo 1993-437; 1993 Tax Ct. Memo LEXIS 446; 66 T.C.M. (CCH) 797; September 20, 1993, Filed *446 Decision will be entered under Rule 155. Gwendolyn Lee Hooks, pro se. For respondent: Charles Graves. PETERSON
PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1989 in the amount of $ 1,013. After a concession by respondent, the issues for decision are: (1) Whether petitioner is entitled to a claimed deduction for charitable contributions in excess of the amount allowed by respondent; and (2) whether petitioner is entitled to a claimed deduction in the amount of $ 8,880 for tax consultation fees. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided in Kansas City, Missouri, at the time her petition was filed. Petitioner is a teacher, and during the year in issue she earned $ 21,186 while employed by the School *447 District of Kansas City, Missouri. During the year in issue petitioner had no financial investments of any kind. Petitioner prepared her own Federal income tax return for taxable year 1989. We first address petitioner's entitlement to her claimed charitable contribution deduction. During 1989 petitioner and her son regularly attended religious services in Kansas City at the Metropolitan Missionary Baptist Church, the Emmanuel Baptist Church, and the True Vine Missionary Baptist Church. On her tax return for taxable year 1989, petitioner claimed a charitable contribution deduction for cash contributions made to these churches in the amount of $ 1,320. In the notice of deficiency, respondent allowed a deduction for petitioner's claimed charitable contributions only in the amount of $ 520. Petitioner has no records substantiating any amount of her claimed charitable contributions, but nonetheless contends she is entitled to the full amount of her claimed charitable contribution deduction. Petitioner bears the burden of proving her entitlement to her claimed charitable contribution deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). *448 Generally, contributions of money to or for the use of a religious organization, such as petitioner's churches, are deductible sums. Sec. 170(c); Henson v. Commissioner, T.C. Memo. 1979-110. However, in order to be fully deductible such contributions must be substantiated in some manner. Henson v. Commissioner, supra; sec. 1.170A-13(a)(1), Income Tax Regs. Still, even where such substantiation is lacking (as in the present case), we may find that a taxpayer is candid, forthright and credible, conclude that some contribution actually was made, and approximate a reasonable allowable sum for deduction. Cf. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In this case we indeed find that petitioner was candid, forthright and credible, and we are convinced that she made cash contributions to churches she attended throughout 1989. However, using our best judgment and bearing heavily against petitioner, whose inexactitude is of her own making, we conclude that respondent has already approximated a reasonable allowable sum for deduction by allowing petitioner to deduct $ 520 of her *449 claimed charitable contributions. Accordingly, we hold that petitioner is not entitled to deduct any amount of her claimed charitable contributions in excess of the amount allowed by respondent. Cohan v. Commissioner, supra; Wren v. Commissioner, T.C. Memo. 1984-456. We next address petitioner's claimed deduction for tax consultation fees. Petitioner bears the burden of proving her entitlement to her claimed deduction for these fees. New Colonial Ice Co. v. Helvering, supra.
On her 1989 return, petitioner claimed a deduction for fees paid to Mr. Charles Burrell (Mr. Burrell) for tax counseling in the amount of $ 8,880. Petitioner argues that the fees she paid are fully deductible under section 212(3) because Mr. Burrell's counseling helped her to prepare her 1989 return. Respondent contends that the fees are not deductible in any amount because petitioner has failed to substantiate her expenses. Further, lack of substantiation notwithstanding, respondent argues that the fees petitioner paid to Mr. Burrell are nondeductible because they were not "ordinary and necessary" and *450 "paid or incurred during the taxable year * * * in connection with the determination, collection, or refund of any tax". Sec. 212. With regard to substantiation, we agree with respondent that besides petitioner's self-serving testimony, there is no evidence in the record substantiating her claimed expenditure of $ 8,880. Still, as we noted previously in this opinion, we find petitioner to be candid, forthright, and credible, and based on the record in this case we are convinced that she paid certain sums to Mr. Burrell on a regular basis during the year in issue. However, we need not approximate a reasonable sum which petitioner expended since we agree with respondent that, based on the record in this case, whatever amount petitioner paid to meet with Mr. Burrell is not deductible under section 212(3). The record is clear in this case that during the year in issue petitioner met with Mr. Burrell each month for lessons on how to "understand the tax laws and how they affected [her]". These meetings were intended to be educational, and they focused on explaining to petitioner the nature of the Federal tax system and the manner in which certain sections of the code are generally *451 interpreted. In petitioner's words, she "was getting educated on the different tax codes and the tax laws and how I, as a taxpayer, what rights I have and what rights I do not have." To be deductible under section 212, an expense must be "ordinary and necessary", "reasonable in amount", and reasonably and proximately related to the purpose of the expense. Wassenaar v. Commissioner, 72 T.C. 1195, 1202 (1979); sec. 1.212-1(d), Income Tax Regs. While it is uncontested that petitioner's meetings with Mr. Burrell aided her in preparing her 1989 return, it is clear that the purpose of the meetings was to educate petitioner. It is well settled that such educational-type expenses are neither "ordinary and necessary" nor reasonably related to a taxpayer's preparation of her return. Wassenaar v. Commissioner, supra; sec. 1.212-1(f), Income Tax Regs. Since we conclude that petitioner's meetings with Mr. Burrell were not "ordinary and necessary", we need not address whether whatever sum petitioner may have paid to Mr. Burrell for his services was "reasonable in amount". Based on the foregoing, we hold that petitioner is *452 not entitled to a deduction in any amount under section 212(3) for the fees she paid Mr. Burrell during the year in issue. In consideration of respondent's concession in this case, Decision will be entered under Rule 155.