T.C. Summary Opinion 2018-28

UNITED STATES TAX COURT

RHOEDA JOY TAN FAROLAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26397-16S.                    Filed May 30, 2018.

Rhoeda Joy Tan Farolan, pro se.

Jason T. Scott and Michael Skeen, for respondent.

SUMMARY OPINION

LEYDEN, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated September 19, 2016, the Internal Revenue Service (IRS)[2] determined a deficiency in petitioner's 2013 Federal income tax of $1,732. The issues for decision are whether petitioner is entitled to deductions for charitable contributions and unreimbursed employee expenses in excess of what respondent has allowed. The Court holds that petitioner is not entitled to additional charitable contributions deductions but is entitled to additional unreimbursed employee expense deductions.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in California at the time she timely filed her petition.

---

[1](...continued)
Revenue Code, as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court uses the term "IRS" to refer to administrative actions taken outside of these proceedings. The Court uses the term "respondent" to refer to the Commissioner of Internal Revenue, who is the head of the IRS and is respondent in this case, and to refer to actions taken in connection with this case.

I.     Employment

During 2013 petitioner was employed as a senior marketing communications specialist by a company in Milpitas, California, that manufactured semiconductor chips.  In that position she was responsible for marketing, advertising, public relations, and internal and external company events, including trade shows.  The company's marketing efforts had grown over time and by 2000, the company produced or participated in 10 to 15 events per year.

Petitioner's responsibilities with respect to the events and trade shows required her to:

1.     Own, plan, execute and manage large scale, high budget marketing programs including trade shows, employee, customer and partner events, industry events, sales training sessions, sports marketing and other corporate events.
2.     Coordinate, produce and manage event branding, production of marketing materials, logistics, vendor negotiation, etc.
3.     Partner with Product and Technical Marketing to develop strategic global marketing plans and impactful design and execution.
4.     Develop, design and deliver comprehensive video communications campaign for events.
5.     Lead pre-show planning meetings, internal show manuals and generate ideas for pre- and post-event marketing, coordinate logistics, calendars, budgets and post-show event reports.

Petitioner's job description stated that she might be required to work some evenings and weekends; that travel "may be up to 20%"; and that the purchase of

"formal and theme clothing" was anticipated for all trade shows, events, and evening functions. Petitioner's other job-related expenses included travel; meals; and electric, phone, and internet services for working from home. The company did not have a reimbursement policy. Petitioner was not reimbursed for any expenses she paid as part of her employment.

During 2013 the company participated in the following six trade shows:

| Trade show | Location | Date(s) |
|---|---|---|
| Advanced Automotive Battery Conference (AABC) | Pasadena, CA | Feb. 4-8, 2013 |
| Applied Power Electronics Conference and Exposition (APEC) | Long Beach, CA | Mar. 17-22, 2013 |
| 2013 Annual Creativity in Electronics Awards (Electronics) | San Jose, CA | Apr. 23, 2013 |
| Sensors Expo and Conference (Sensors Expo) | Rosemont, IL | June 3-6, 2013 |
| Battery Show North America (Battery Show) | Novi, MI | Sept. 15-19, 2013 |
| Energy Harvesting and Storage USA (EHS) | Santa Clara, CA | Nov. 18 and 21, 2013 |

The company was an exhibitor at AABC, APEC, and EHS. Petitioner participated in at least three of these trade shows, which required overnight travel. She paid for hotels, taxis, baggage fees, and meals in connection with the trade shows she attended on the following dates: AABC from February 5 to 8, 2013; APEC from March 18 to 21, 2013; and the Battery Show from September 15 to 20, 2013. Petitioner also participated in several local holiday events for company employees in 2013 that were held within commuting distance and did not require overnight travel.

Petitioner purchased clothing from Nordstrom, Bloomingdale's, Banana Republic, Ann Taylor, J. Crew, and Old Navy to wear to the company events and trade shows. The clothing petitioner purchased, for which she provided proof of her expenses, consisted of blouses, shoes, sweaters, dresses, pants, activewear, and bracelets. None of the purchased clothing had a company logo.

## II. Charitable Contributions

During 2013 petitioner donated cash to various charitable organizations. She attended religious services at a Catholic church where she has been a parishioner since 1995 and made cash contributions to the collections at the religious services. As a parishioner petitioner used her personal automobile to drive to feed the homeless during Thanksgiving and to transport gifts from the

church for a Christmas giving-tree collection and other similar events throughout the year.

## III.    2013 Tax Return

Petitioner timely filed her 2013 Federal income tax return.  As relevant in this case petitioner claimed deductions on Schedule A, Itemized Deductions, for charitable contributions of $3,248 for gifts by cash or check and for miscellaneous itemized deductions totaling $21,878.  Petitioner did not claim a deduction on the Schedule A for charitable contributions consisting of gifts other than by cash or check.  The miscellaneous itemized deductions consisted of unreimbursed employee expenses of $21,628 and tax preparation fees of $250.

Instead of attaching a Form 2106, Employee Business Expenses, to her 2013 tax return, petitioner attached a statement reporting her unreimbursed employee expenses of $21,628 as follows:  (1) $1,330 for cellular, electric, and internet services; (2) $2,924 for supplies and books; (3) $230 for postage; and (4) $17,144 for "travel, entertainment, supplies, & etc.".

## IV.    Notice of Deficiency

The IRS examined petitioner's 2013 tax return and subsequently issued the notice of deficiency.  In the notice of deficiency, and as relevant, the IRS determined that petitioner had substantiated $2,562 of the claimed deduction for

charitable contributions but disallowed $686 of the claimed deduction because petitioner had not established that amount was a charitable contribution.  The IRS also determined that petitioner had substantiated $11,010 of the claimed miscellaneous itemized deductions but had not substantiated $10,868 of the claimed deductions because petitioner had failed to establish that the expenses she paid were ordinary and necessary to her business as an employee.[3]

Petitioner timely petitioned the Court for a redetermination of the deficiency.  At trial the parties agreed that the disputed $686 of charitable contribution deductions consisted of cash contributions of $285 and out-of-pocket transportation expenses of $401 that petitioner asserted she had incurred during 2013 in connection with her volunteer work as a parishioner of her church.  The parties also agreed that the disputed $10,868 of unreimbursed employee expenses consisted of clothing costs of $8,524, dry cleaning expenses of $528, and meals and travel expenses of $1,816.

---

[3]The notice of deficiency does not state, and at trial respondent did not argue, that petitioner failed to substantiate the tax preparation fees of $250. Nonetheless, petitioner submitted evidence to substantiate this expense.  The Court therefore assumes that the allowed miscellaneous itemized deductions for 2013 of $11,010 included the tax preparation fees of $250.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and a taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

## I. Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving it incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Under section 7491(a)(1), the burden of proof may shift to the Commissioner if the taxpayer produces credible evidence with respect to any relevant factual issue and meets other requirements.

At trial petitioner argued that the burden of proof had shifted to respondent under section 7491(a)(1). If the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491(a)(1) places the burden of proof with respect to that issue on the Commissioner. See Rule 142(a)(2). "Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted". Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H. Conf. Rept. 105-599, at 240 (1998), 1998-3 C.B. 747, 994). Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements; maintains all required records; and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2)(A) and (B). On the basis of the record, the Court concludes that petitioner has not established that she complied with the requirements of section 7491(a)(2)(A) and (B) and that therefore the burden has not shifted to respondent under section 7491(a)(1).

II.    Charitable Contributions

A taxpayer may deduct charitable contributions made during the taxable year. Sec. 170(a)(1). However, deductions for charitable contributions are allowed only if the taxpayer satisfies statutory and regulatory substantiation

requirements. See sec. 170(a)(1); sec. 1.170A-13, Income Tax Regs. The required substantiation depends on the size of the contribution and on whether the contribution is a gift of cash or property.

For separate contributions of less than $250 of cash or for the payment of unreimbursed expenditures made incident to the taxpayer's rendering services to a charity, the taxpayer must substantiate each contribution with: (1) a bank record (i.e., canceled check); (2) written communication (i.e., receipt or letter) from the charitable organization showing the name of the organization, the date of the contribution, and the amount of the contribution; or (3) "other reliable written records" showing the name of the organization, the date of the contribution, and the amount of the contribution. Sec. 170(f)(17); Van Dusen v. Commissioner, 136 T.C. 515, 531 (2011); secs. 1.170A-1(g), 1.170A-13(a)(1), Income Tax Regs.

A.    Cash Contributions

At trial petitioner argued that she was entitled to deduct $285 for the cash contributions she made to her church when she attended religious services in 2013. Petitioner testified that "[e]very Sunday and other holy days of obligations I just contributed five dollars in cash". Although petitioner appeared sincere in her testimony that she made these cash contributions to her church, the law requires more than sincere testimony to qualify for a charitable contribution deduction for

her cash contributions.  See Oatman v. Commissioner, T.C. Memo. 2017-17, at *15-*16.  Petitioner did not seek verification of her cash contributions from her church and did not provide any bank record, written communication, or other reliable written record to corroborate her testimony.  The Court holds she is not entitled to a charitable contribution deduction of $285 for her cash contributions.

B.     Out-of-Pocket Transportation Expenses

Petitioner also argued that the remaining disallowed deduction for charitable contributions, $401, was for out-of-pocket transportation expenses she incurred while driving as a volunteer for her church in 2013.  A taxpayer may deduct unreimbursed expenditures made incident to the taxpayer's rendering services to a charity, including out-of-pocket transportation expenses necessarily incurred in performing donated services.  Sec. 1.170A-1(g), Income Tax. Regs.

Petitioner testified that she estimated driving about 400 miles during 2013 to feed the homeless during Thanksgiving and to transport gifts from her church.  Petitioner did not provide a mileage log to substantiate any of the mileage expenses or any written communication or other reliable written record to show that she participated in these charitable activities for her church.  Further, even if petitioner substantiated that she had driven 400 miles, her charitable contribution

deduction would be limited to $56 (400 miles at 14 cents per mile).[4]  Accordingly,

the Court holds she is not entitled to a charitable contribution deduction of $401

for out-of-pocket transportation expenses related to driving for her church.

III.    Unreimbursed Employee Expenses

A taxpayer may deduct ordinary and necessary expenses paid during the

taxable year in carrying on a trade or business.  Sec. 162(a).  Generally, the

performance of services as an employee constitutes a trade or business.  Primuth v.

Commissioner, 54 T.C. 374, 377 (1970).  If as a condition of employment an

employee is required to incur certain expenses, then the employee is entitled to

deduct those expenses to the extent the expenses are not subject to reimbursement.

See Fountain v. Commissioner, 59 T.C. 696, 708 (1973); Podems v.

Commissioner, 24 T.C. 21, 22-23 (1955).  On the other hand, section 262(a)

generally disallows a deduction for personal, living, or family expenses.

As a general rule, if the taxpayer provides sufficient evidence that she

incurred a trade or business expense contemplated by section 162(a) but is unable

to adequately substantiate the amount, the Court may estimate the amount and

---

[4]Sec. 170(i) prescribes the standard rate of 14 cents per mile for purposes of computing the amount of a sec. 170(a) charitable contribution deduction for miles a taxpayer drives in connection with a charitable organization.  See Rev. Proc. 2010-51, sec. 5.01, 2010-51 I.R.B. 883, 885; Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673.

allow a deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). But for certain kinds of business expenses section 274(d) overrides the Cohan rule, and these expenses, if otherwise allowable, are subject to strict substantiation rules. See Sanford v. Commissioner, 50 T.C 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

With these fundamental principles of Federal income tax in mind, the Court considers petitioner's claims to the various deductions in dispute.

A.    Clothing Costs

Petitioner deducted $8,524 for clothing she asserted her employer required her to wear to the trade shows and to company events. Generally, the cost of a business wardrobe, even if required as a condition of employment, is considered a nondeductible personal expense within the meaning of section 262. See, e.g., Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980). Those costs are not deductible even when it has been shown that the particular clothes would not have been purchased but for the employment. Id. Clothing costs are deductible as ordinary and necessary business expenses under section 162 only if a taxpayer proves that: "(1) the clothing is of a type specifically required as a condition of employment, (2) it is not adaptable to general usage as ordinary clothing, and (3) it

is not so worn." Pevsner v. Commissioner, 628 F.2d 467, 469 (5th Cir. 1980), rev'g T.C. Memo. 1979-311; see Yeomans v. Commissioner, 30 T.C. 757, 767 (1958); Deihl v. Commissioner, T.C. Memo. 2005-287, 2005 Tax Ct. Memo LEXIS 285, at *74-*76.

Petitioner was required to wear "formal and theme clothing" to the trade shows and company events, and the company did not reimburse her for it. For instance, petitioner testified that in 2013 her employer hosted an extravagant company event with an Oscars-inspired theme for which she purchased a gown. She asserted she could not wear the gown to other events because it was tailored to this event. Petitioner further testified that because she was the face of the company in a predominantly male-dominated industry her clothing and presentation mattered because others' first impressions were shaped by her appearance. According to petitioner, the clothing she purchased could not be and was not worn outside of the trade shows and company events, not even to go to work on an ordinary day.

Even assuming the Court accepts petitioner's testimony that she did not in fact use the clothing for general or personal wear, the record does not support her assertion that the clothing was not adaptable to general usage. The parties stipulated receipts and statements from Nordstrom, Bloomingdale's, Banana

Republic, Ann Taylor, J. Crew, and Old Navy. The receipts and descriptions indicate the clothing purchased consisted of blouses, shoes, sweaters, dresses, pants, activewear, and bracelets. This clothing and the accessories are in fact adaptable to general use as ordinary clothing by petitioner outside of her employment. See Hynes v. Commissioner, 74 T.C. at 1269, 1291 (finding that the cost of "regular business clothing * * * limited to colors and patterns which would televise well" was not deductible); Bernardo v. Commissioner, T.C. Memo. 2004-199, 2004 Tax Ct. Memo LEXIS 204, at *22-*23 (finding that a requirement that a taxpayer's business wardrobe consist of suits or dresses of a particular color (black or white) did not indicate that the clothes were unsuitable for ordinary street wear). Accordingly, petitioner has not established she is entitled to deduct $8,524 for clothing costs for 2013.

B.     Dry Cleaning Expenses

Petitioner deducted $528 for dry cleaning expenses. If the cost of acquiring clothing is deductible, then the cost of maintaining that clothing is likewise deductible as an ordinary and necessary business expense. Hynes v. Commissioner, 74 T.C. at 1290. Having found that the cost of the clothing is not a deductible business expense, the Court holds that the dry cleaning expenses are likewise not deductible as ordinary and necessary business expenses for 2013.

C.    Travel Expenses

Petitioner deducted $1,816 for travel expenses she incurred traveling to and from the trade shows at which she represented her employer. Deductions for traveling expenses are allowed if the expenses are ordinary and necessary and paid or incurred while away from home in the pursuit of a trade or business, including the business of being an employee. See sec. 162(a)(2); Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). Travel expenses include travel fares, lodging, meals, and expenses incident to travel. Sec. 1.162-2(a), Income Tax Regs.; sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46015 (Nov. 6, 1985).

Deductions for travel expenses (including meals and lodging while away from home) are subject to the strict substantiation rules of section 274(d). Sec. 274(d)(1); sec. 1.274-5T(a)(1), Temporary Income Tax Regs., supra. Specifically, to be entitled to deduct travel expenses a taxpayer must substantiate by adequate

records[5] or by other sufficient evidence[6] corroborating the taxpayer's own testimony: (1) the amount of the expense, (2) the dates of departure and return and the number of days spent away from home on business, (3) the destination or locality of travel, and (4) the business reason for the travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., supra.

The record shows that petitioner's tax home was the company's office in Milpitas, California, and that petitioner traveled away from home for three trade shows: AABC, APEC, and the Battery Show.

The record contains stipulated receipts for hotel, baggage fee, taxi, and meal expenses in the following amounts:

_____

[5]Substantiation by adequate records for travel expenses requires the taxpayer to maintain an account book, a diary, a log, a statement of expense, trip sheets, or a similar record prepared contemporaneously with the expenditure and documentary evidence (e.g., receipts or bills) of certain expenditures. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

[6]Substantiation by other sufficient evidence requires the production of corroborative evidence in support of the taxpayer's statement specifically detailing the required elements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

| Trade show | Hotel | Taxi | Baggage fee | Food |
|---|---|---|---|---|
| AABC | $662.51 | $119.63 | -0- | $24.89 |
| APEC | 653.78 | 86.00 | -0- | 87.83 |
| Battery Show | -0- | -0- | $50 | 44.59 |

Petitioner has met her burden of proving that she paid hotel, baggage, and taxi expenses totaling $782.14 for AABC, $739.78 for APEC, and $50 for the Battery Show. Petitioner has also proven that she paid for meals totaling $24.89 for AABC, $87.83 for APEC, and $44.59 for the Battery Show. Therefore, petitioner is entitled to deduct these travel expenses subject to the 2% limitation under section 67(a) after the 50% limitation under section 274(n)(1) for meal expenses.

Petitioner did not provide any evidence to substantiate her travel expenses with respect to the Sensors Expo or EHS. Accordingly, petitioner is not entitled to deduct travel expenses with respect to these two trade shows.

D. Other Expenses

Petitioner also submitted receipts to substantiate other meal expenses relating to meals that she: (1) asserted were connected with entertaining the company's clients either during the trade shows or at other times or (2) consumed

when she was not traveling away from home overnight or that were unrelated to entertaining clients.

With respect to meals paid to entertain clients, a taxpayer must provide records sufficient to establish: (1) the amount paid for each meal, (2) the date of the meal, (3) the name and address of the dining establishment, (4) the business purpose of the meal, including the nature of any business discussion, and (5) the business relationship of the person entertained by the taxpayer. See sec. 274(d); Stroff v. Commissioner, T.C. Memo. 2011-80, 2011 Tax Ct. Memo LEXIS 79, at *4-*5; sec. 1.274-5T(b)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

Petitioner introduced into evidence meal receipts with handwritten notations referencing a trade show or other event and the last names of individuals. To the extent these receipts are from meals with clients, the receipts petitioner provided do not meet the fourth or fifth requirement (i.e., they do not explain the business purpose or the business relationship of the person entertained). Therefore, none of the meal expenses connected with entertaining clients are deductible.

With respect to the other meal receipts petitioner provided that were not paid while traveling away from home or to entertain clients (i.e., for meals she

consumed during the course of her employment), the Court holds that these expenses are personal and are not deductible. See sec. 262(a).

The record also contains stipulated receipts for tolls, parking fees, public transportation fees, and other hotel expenses paid in 2013. Petitioner has not proven that any of these expenses were related to travel away from home in connection with her employment or that they are otherwise deductible as ordinary and necessary business expenses. Accordingly, petitioner is not entitled to a deduction for these expenses.

The Court has considered all of the parties' arguments, and, to the extent not addressed herein, the Court concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.